**THOMPSON COBURN LLP**
**LUKAS SOSNICKI, CSB 295895**
**lsosnicki@thompsoncoburn.com**
**10100 Santa Monica Blvd., Suite 500**
**Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**

**THOMPSON COBURN LLP**
**MARK A. MATTINGLY (*admitted pro hac vice*)**
**mmattingly@thompsoncoburn.com**
**One US Bank Plaza**
**St. Louis, Missouri 63101**
**Tel: 314.552.6000 / Fax: 314.552.7000**

Attorneys for Defendant CHARTER COMMUNICATIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| BARBARA BARBER, ANTONIO DUENAS, ALFRED HOLGUIN, and ANDREW EPSTEIN, individually and on behalf of all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM<br><br>Defendant. | CASE NO. 2:25-cv-12361-MCS-AJR<br><br>*The Hon. Mark C. Scarsi*<br><br>**DEFENDANT CHARTER COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION, STRIKE CLASS ALLEGATIONS, AND TO STAY, OR, IN THE ALTERNATIVE, DISMISS PLAINTIFFS' CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK MATTINGLY**<br><br>Date: March 23, 2026<br>Time: 9:00 a.m.<br>Place: Courtroom 7C |

# TABLE OF CONTENTS

**Page**

I. The Court Should Enforce the Process Arbitrators' Order ............................... 2

II. If the Court Does Not Dismiss, It Should Compel Arbitration........................ 3

III. None of Plaintiffs' Arguments Support a Federal Class Action ...................... 4

A. Plaintiffs Are Precluded from Re-Litigating the Proper Forum and Cannot Assert Arguments Not Raised Before the AAA................. 4

B. Plaintiffs Cannot Ask This Court to Simultaneously Enforce and Ignore the Order ..................................................................... 6

C. Plaintiffs Mischaracterize the Order, Which Does Not Concern Federal Class Action Claims.............................................................. 6

D. Plaintiffs' Argument Regarding Class Action Waivers Is Contrary to *Concepcion* ..................................................................... 7

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Am. Express v. Italian Colors Rest.*, 570 U.S. 228 (2013) .......... 8

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) .......... *passim*

*Bergeron v. Monex Deposit Co.*, 2018 WL 3647017 (C.D. Cal. July 9, 2018) .......... 4

*Botorff v. Amerco*, No. 2:12-CV-01286-MCE-EFB, 2012 WL 6628952 (E.D. Cal. Dec. 19, 2012) .......... 6, 8

*Cordero v. Coinbase, Inc.*, No. 3:25-CV-04024-CRB, 2025 WL 2223495 (N.D. Cal. Aug. 5, 2025) .......... 9

*Crypto Asset Fund, LLC v. OPSkins Grp. Inc.*, 478 F. Supp. 3d 919 (C.D. Cal. 2020) .......... 3

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190 (9th Cir. 2024) .......... 3

*Gadomski v. Wells Fargo Bank N.A.*, 281 F. Supp. 3d 1015 (E.D. Cal. 2018) .......... 6

*Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (9th Cir. 2024) .......... 9

*Jones v. Starz Ent., LLC*, 129 F.4th 1176 (9th Cir. 2025) .......... 9

*Langere v. Verizon Wireless Servs.*, No. CV 15-00191 DDP, 2016 WL 5346064 (C.D. Cal. Sep. 23, 2016) .......... 8

*Maybaum v. Target Corp.*, No. 2:22-cv-00687-MCS-JEM, 2022 WL 1321246 (C.D. Cal. May 3, 2022) .......... 4, 5

*Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957 (7th Cir. 1993) .......... 5

*Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010) .......... 3

*Vernile v. Pac. Found., Inc.*, 2023 WL 8046272 (9th Cir. Nov. 21, 2023) .......... 5

**Statutes**

9 U.S.C. § 4 ........ 8

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' Opposition confirms that they cannot pursue federal class action claims. The parties agree Judge Cavanaugh's Order is enforceable and cannot be collaterally attacked here. The parties also agree the Residential Terms' Arbitration Agreement governs Plaintiffs' claims. The Court should therefore either dismiss this case to allow Plaintiffs to comply with the Order by pursuing their claims in small claims court or send Plaintiffs back to the AAA. Plaintiffs' arguments—which seek to relitigate the proper forum using theories they failed to raise in the AAA arbitration, are internally inconsistent (and self-defeating), misinterpret Judge Cavanaugh's Order & Opinion (**Order**), and/or directly contradict the Supreme Court's instructions in *Concepcion*—do not compel a different result.

*First,* Plaintiffs had every opportunity to make their points before the AAA. There, Plaintiffs argued the small claims exception did not apply because they had a right to injunctive relief and punitive damages. The issue of whether their claims belonged in small claims court was squarely presented to Judge Cavanaugh, and Plaintiffs did not contend the small claims exclusion was unenforceable. Had Plaintiffs made that argument before Judge Cavanaugh and prevailed, Plaintiffs' claims would have remained in arbitration before the AAA and could not have been brought as a class action here. Plaintiffs cannot collaterally attack the Order using baseless, novel theories they waived by not asserting before Judge Cavanaugh.

*Second*, Plaintiffs cannot simultaneously ask this Court to both enforce and ignore the Order. Plaintiffs voluntarily invoked the Arbitration Agreement when they filed their claims with the AAA. Applying the Agreement's small claims exclusion for individual cases, Judge Cavanaugh ordered Plaintiffs to small claims court. Plaintiffs acknowledge the Order is "final" and "binding," Opp. (Dkt. 21) at 8:6, 9:22, 11:11, but nonetheless urge this Court to ignore the Order's ultimate decision that Plaintiffs' claims belong in small claims court. Because the Order is "final" and

"binding," the outcome must be exactly as the Arbitrator ordered: Plaintiffs should file in small claims court.

*Third*, in arguing that the Order should only be **partially** respected and enforced, they mischaracterize it. Judge Cavanaugh held that Plaintiffs' claims could only be brought in small claims court based on how they were brought (i.e. as individual cases) and the relief they could recover (i.e. no injunctive relief and limited monetary damages). He did not hold that Plaintiffs are free to bring class claims in federal court—he certainly did not hold that the Arbitration Agreement does not apply to Plaintiffs' federal class claims.

And *fourth*, Plaintiffs' argument that the Arbitration Agreement is unconscionable because it deprives them of the right to seek class relief is the **exact** argument the Supreme Court rejected in *Concepcion*. Plaintiffs cannot evade *Concepcion* and its progeny by filing their claims in the wrong forum and then defying the Order directing them to file individual actions in small claims court.

In short, the Court has two options: (1) enforce the "final and binding" Order by dismissing this action and permitting Plaintiffs to file in small claims court or (2) enforce the Arbitration Agreement's delegation provision and return this matter to the AAA so that Judge Cavanaugh may consider the novel theories that Plaintiffs declined to present in the initial arbitration.

## I. <u>The Court Should Enforce the Process Arbitrators' Order</u>

Plaintiffs concede Judge Cavanaugh's 24-page Order held that the proper forum for Plaintiffs' claims is small claims court. Opp. (Dkt. 21) 21:10–13 (admitting the Order held "small claims court was the contractually mandated forum"); *id*. at 5:1 (noting Judge Cavanaugh found "individual claims should be resolved by way of small-claims court actions"). Plaintiffs also concede the Order is "final, binding" and not subject to re-litigation in this Court. *Id.* at 9:22; *see also id.* at 6:22–7:8 ("[A] party may not submit a claim to arbitration and then challenge the authority of the arbitrator to act after receiving an unfavorable result." (quoting *Fortune, Alsweet & Eldridge,*

*Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir. 1983))). These concessions end the inquiry: this case should be dismissed leaving Plaintiffs to refile in small claims court.

## II. If the Court Does Not Dismiss, It Should Compel Arbitration

If the Court does not enforce Judge Cavanaugh's Order by dismissing Plaintiffs' claims, it should compel arbitration. Plaintiffs do not contest that they entered into a valid Arbitration Agreement, and they readily concede the Agreement "delegates threshold questions of arbitrability to the arbitrator." Opp. (Dkt. 21) at 6:7–8; *see* Ex. A to Dean Decl. (Dkt 18-1) § 30 (granting arbitrator "exclusive authority to resolve any dispute relating to the interpretation, applicability, scope or enforceability" of Agreement). The Court's analysis should end here. Plaintiffs did not "challenge[] the delegation provision specifically"; instead, they confirmed its validity. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010). Accordingly, the Court "must enforce it" and "leav[e] any challenge to the validity of the Agreement as a whole for the arbitrator." *Id.*

After conceding its validity, Plaintiffs then ignore the delegation provision's effect and ask this Court to resolve numerous gateway issues that must be determined by an arbitrator. These issues include the enforceability of the Arbitration Agreement's class action waiver, unconscionability, and the arbitrability of public injunctive relief. All of these are squarely within an arbitrator's authority to decide. *See, e.g.*, *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1201 (9th Cir. 2024) (explaining arbitrability issues include unconscionability); *Crypto Asset Fund, LLC v. OPSkins Grp. Inc.*, 478 F. Supp. 3d 919, 929, 932 (C.D. Cal. 2020) (holding delegation clause applies to arguments that arbitration agreement was unenforceable based on "fraud, unconscionability, and public policy").

For example, Plaintiffs argue California public policy precludes arbitration of their public injunctive relief claims (Opp. (Dkt. 21) at 23:8–22) but wholly ignore caselaw recognizing that California courts "routinely hold" that the availability of public injunctive relief is "a gateway issue" delegable to an arbitrator. Motion (Dkt.

18) at 14:14–17 (citing *B.D. v. Blizzard Ent., Inc.*, 292 Cal. Rptr. 3d 47, 71 (Cal. Ct. App. 2022)). And, even if the parties had not delegated this issue to an arbitrator, this Court has held California law does not preclude enforcement of arbitration agreements that allow claimants to seek injunctive relief "warranted by the individual claim." *Maybaum v. Target Corp.*, No. 2:22-cv-00687-MCS-JEM, 2022 WL 1321246, at *6 (C.D. Cal. May 3, 2022) (holding arbitration agreement which allowed injunctive relief "warranted by the individual claim" did "not violate" California law); *see* Ex. A to Dean Decl. (Dkt. 18-1) § 30 (granting arbitrator authority to "award injunctive relief . . . to the extent necessary to provide the specific relief warranted by such individual's claim"). And, as with their other arguments attacking the Order, Plaintiffs did not argue that public injunctive relief prevented litigating their claims before the AAA (whose jurisdiction they invoked) or in small claims court.

The same is true of Plaintiffs' challenges to the Arbitration Agreement's class action waiver. Where the parties have clearly and unmistakably delegated gateway issues to an arbitrator, "only an arbitrator may make the determination of whether the class action waiver is enforceable." *Bergeron v. Monex Deposit Co.*, SACV 17-1968 JVS(DFMx), 2018 WL 3647017, at *4 (C.D. Cal. July 9, 2018). Because Plaintiffs' challenges to the Arbitration Agreement present new gateway issues delegated to the arbitrator, the Court must compel arbitration.

## III. <u>None of Plaintiffs' Arguments Support a Federal Class Action</u>

### A. <u>Plaintiffs Are Precluded from Re-Litigating the Proper Forum and Cannot Assert Arguments Not Raised Before the AAA</u>

Plaintiffs' challenge to the Order's central holding—that small claims court is the proper forum for their claims (Opp. (Dkt. 21) at 20:2–21:21)—is not an issue Plaintiffs can raise in this Court. As they admit, "[t]he FAA only permits extremely limited judicial review of arbitration decisions and any challenge to an Arbitrator's award must be done within three (3) months of the arbitrator's decision." *Id.* at 7:21–23. As they point out, "[t]hat never happened" and cannot happen now. *Id.* at 7:23.

Plaintiffs also cannot raise arguments now that they failed to raise before Judge Cavanaugh. Judge Cavanaugh was appointed to determine the proper forum for Plaintiffs' claims under the small claims exclusion. Ex. M to Mattingly Decl. (Dkt. 16-2) at 1. Plaintiffs argued that their claims were not subject to the exclusion because they sought "injunctive relief to halt Charter's ongoing deceptive billing practices and punitive damages designed to deter such misconduct." Exs. O at 3, N at 4–6 to Mattingly Decl. Judge Cavanaugh disagreed, holding, *inter alia*, that Plaintiffs had not asserted a viable claim for injunctive relief and that, "even in the most favorable light to [Plaintiffs] . . . the demands for punitive damages and injunctive relief are an ineffective effort to avoid litigating claims in small claims courts for cases which should be litigated there." Ex. M to Mattingly Decl. (Dkt. 16-2) at 20. When arguing the proper forum, Plaintiffs **never** challenged the small claims exclusion's enforceability. *See generally* Exs. N–O to Mattingly Decl.

By failing to raise these arguments before Judge Cavanaugh, Plaintiffs waived them. *See, e.g.*, *Vernile v. Pac. Found., Inc.*, 2023 WL 8046272, at *1 (9th Cir. Nov. 21, 2023) (holding that failure to "raise[] a valid challenge to the arbitrator's arbitrability determination" waived the argument); *accord Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957 (7th Cir. 1993) ("Parties . . . cannot . . . withhold[] certain arguments, then, upon losing the arbitration, raise such arguments in federal court. We will not tolerate such sandbagging."). Waiver aside, Plaintiffs are precluded from re-litigating the proper forum under the Arbitration Agreement. *See* Motion (Dkt. 18) at 19:21–22:12.

For the same reasons, the Court should not entertain Plaintiffs' belated claim that small claims courts are an improper forum for their claims because they cannot grant class-wide relief. Opp. (Dkt. 21) at 20:1–21:21. Not only did Plaintiffs waive this argument during arbitration, *see generally* Exs. N–O to Mattingly Decl., but Plaintiffs are precluded from asserting class claims after having filed individual arbitrations.

### B. Plaintiffs Cannot Ask This Court to Simultaneously Enforce and Ignore the Order

Plaintiffs' position is also self-defeating. They ask this Court to enforce the Order, yet suggest the Court should ignore it and allow them to pursue a federal class action. Plaintiffs voluntarily invoked the Arbitration Agreement when they filed their claims with the AAA. Plaintiffs acknowledge the Order is "final" and "binding." Opp. (Dkt. 21) at 9:22. The outcome should be exactly as Judge Cavanaugh ordered.

### C. Plaintiffs Mischaracterize the Order, Which Does Not Concern Federal Class Action Claims

Plaintiffs' key arguments against compelling arbitration are also based on a mischaracterization of Judge Cavanaugh's Order. Judge Cavanaugh ruled on the proper forum for Plaintiffs' **individual** claims. His Order says nothing about the arbitrability of Plaintiffs' putative **class action** claims.

This distinction is critical because the Arbitration Agreement's small claim exclusion—the basis for Judge Cavanaugh's ruling—only applies to "**INDIVIDUAL** ACTION[S] . . . THAT [ARE] WITHIN THE JURISDICTION OF A COURT THAT IS LIMITED TO ADJUDICATING SMALL CLAIMS." Ex. A to Dean Decl. (Dkt. 18-1) § 30 (boldface added). Because Plaintiffs are no longer pursuing "individual actions," *id.*, they cannot evade arbitration by arguing their claims are non-arbitrable under the small claims exclusion. *See, e.g.*, *Botorff v. Amerco*, No. 2:12-CV-01286-MCE-EFB, 2012 WL 6628952, at *5–6 (E.D. Cal. Dec. 19, 2012) (holding small claims exclusion does not apply to class claims); *Gadomski v. Wells Fargo Bank N.A.*, 281 F. Supp. 3d 1015, 1021 (E.D. Cal. 2018) (holding "'small claims exception' inapplicable" to putative class claims).

Plaintiffs' argument that their claims are non-arbitrable no matter wherever or however they are filed ignores the plain language of the small claims carve-out and the fact that the Order concerned individual arbitration demands. *See* Opp. (Dkt. 21) at 9:9 (arguing the Order simply decided whether "Plaintiffs' claims [are] arbitrable").

Judge Cavanaugh did not make, and could not have made, any determination regarding the arbitrability of class claims both because Plaintiffs asserted none and the small claims carve-out does not pertain to class claims. Moreover, had Plaintiffs presented class claims or their new theories regarding the unenforceability of the exclusion to Judge Cavanaugh and prevailed, the parties would have proceeded in arbitration, not in federal court.

Plaintiffs' estoppel arguments fail for the same reason. The arbitrability of putative class claims was ***not*** "actually litigated and decided in the prior proceeding" because it was never raised by Plaintiffs. Opp. (Dkt. 21) at 9:2–3 (quoting *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019)). Contrary to Plaintiffs' contentions, Charter has not adopted "totally inconsistent" positions, nor is it attacking the Order. Opp. (Dkt. 21) at 10:5–6. Charter has merely responded to Plaintiffs' improper attempts to avoid complying with Judge Cavanaugh's Order. Plaintiffs first asserted **individual** claims before the AAA, and Charter successfully argued that those claims must be litigated in small claims court pursuant to the parties' Arbitration Agreement. Now that Plaintiffs have asserted **class** claims, Charter properly argues that questions regarding arbitrability of those claims must be determined in the AAA.

### D. Plaintiffs' Argument Regarding Class Action Waivers Is Contrary to *Concepcion*

Finally, the Court should not entertain Plaintiffs' argument that the Arbitration Agreement's small claims exclusion deprives them of the right to seek class relief under the CLRA and is therefore unconscionable. The Supreme Court rejected this precise argument in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). There, the Court held the FAA preempts state-law rules conditioning the enforceability of arbitration agreements on the availability of class-wide procedures. *Id.* at 344, 352. In doing so, the Court held that an arbitration agreement containing a class action waiver and a mutual small claims carve-out, just like the Arbitration Agreement here, must be enforced as written. *Id.* at 337, 352.

*Concepcion* confirmed the FAA's command that courts compel arbitration "in accordance with the terms of the agreement" applies even when that agreement contains a small claims carve-out and class action waiver. *Id.* at 337; 9 U.S.C. § 4. Two years later, the Court held that "the FAA's command to enforce arbitration agreements trumps any interest in ensuring the prosecution of low-value claims." *Am. Express v. Italian Colors Rest.*, 570 U.S. 228, 238 n.5 (2013).

Since *Concepcion*, courts have routinely enforced arbitration agreements with class waivers and small claims carve-outs. *See, e.g.*, *Langere v. Verizon Wireless Servs.*, No. CV 15-00191 DDP (AJWx), 2016 WL 5346064, at *1, *6 (C.D. Cal. Sep. 23, 2016) (compelling arbitration pursuant to agreement with class waiver and small claims exemption and rejecting argument that agreement was "substantively unconscionable because it exempts small claims actions"); *Botorff*, 2012 WL 6628952, at *5–6. In *Botorff*, the court enforced an arbitration agreement that contained a small claims carve-out and class waiver. *Id.* The court rejected the same arguments Plaintiffs advance here, reasoning that "in the wake of *Concepcion*, unrelated policy concerns, such as a concern that plaintiffs who are denied class relief will not have sufficient incentive to bring their claims, however worthwhile, cannot undermine the FAA." *Id.* at *7 n.5 (quotation marks omitted).

Plaintiffs cannot sidestep this authority by arguing the FAA does not apply at all. This case is not "outside the arbitration setting," as Plaintiffs maintain. Opp. (Dkt. 21) at 15:3–5 (quoting *Meyer v. Kalanick*, 185 F. Supp. 3d 448, 458 (S.D.N.Y 2016) —a case where the defendant did not move to compel arbitration)). Charter is seeking to compel arbitration of class-action claims plainly within the scope of the Arbitration Agreement, which is expressly governed by the FAA. Motion (Dkt. 18) at 10:25–12:7. Judge Cavanaugh did not rule on the arbitrability of Plaintiffs' class claims and had no opportunity to address the gateway arbitrability issues Plaintiffs have belatedly raised. *Supra* Sections II, III.A. The Arbitration Agreement and FAA require these issues to be determined in an "arbitration setting" before the AAA.

Nor does *Heckman v. Live Nation Entertainment, Inc.* support Plaintiffs' narrow construction of the FAA. 120 F.4th 670 (9th Cir. 2024) (cited in Opp. (Dkt. 21) at 17:22–18:10). In *Heckman*, the Ninth Circuit held that the FAA did not protect an agreement that required claimants to participate in an "Expedited/Mass Arbitration" procedure, which curtailed their procedural and discovery rights and bound non-participating parties through rulings in bellwether cases. *Id.* at 678–80. *Heckman* simply establishes that the FAA does not extend to fundamentally unfair, mandatory representative arbitrations. *Cordero v. Coinbase, Inc.*, No. 3:25-CV-04024-CRB, 2025 WL 2223495, at *4 (N.D. Cal. Aug. 5, 2025).

*Heckman* does not hold, as Plaintiffs suggest, that *Concepcion* no longer applies to motions to compel arbitration of class claims. *Id.* And the Ninth Circuit has rejected similar arguments to "selectively enforce[e] an arbitration agreement while nullifying its key provision by fiat of judicial power." *Jones v. Starz Ent., LLC*, 129 F.4th 1176, 1179, 1185 (9th Cir. 2025); *id.* at 1182–83 (confirming *Heckman* was limited to "novel arbitration procedures" at issue in that case and rejecting unconscionability argument brought by plaintiff who previously invoked arbitration agreement).

Adopting Plaintiffs' stance would reward Plaintiffs for their serial violations of the Arbitration Agreement. Plaintiffs first violated the Arbitration Agreement by attempting to arbitrate claims excluded by the small claims exception. That forced Charter to spend considerable resources obtaining an order compelling Plaintiffs to file their claims in the correct forum. Once an arbitrator issued that order, Plaintiffs doubled-down by filing a federal class action that violated both the Order's clear mandate and the Arbitration Agreement's explicit class action waiver. The Court should not permit Plaintiffs to evade the Arbitration Agreement—an agreement they first invoked—and the FAA's policy favoring arbitration through this strategic non-compliance with an Order they continue to argue should be enforced.

DATED: March 9, 2026

**THOMPSON COBURN LLP**

By: [signature]

**LUKAS SOSNICKI**
**MARK A. MATTINGLY (*admitted pro hac vice*)**
Attorneys for Defendant CHARTER COMMUNICATIONS, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Charter Communications, Inc. certifies that this Memorandum of Points and Authorities contains 2,964 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 9, 2026

**LUKAS SOSNICKI**

# PROOF OF SERVICE

**Barbara Barber, et al. v. Charter Communications, Inc.**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, 19th Floor Los Angeles, California 90067.

On March 9, 2026, I served true copies of the following document(s) described as Defendant Charter Communications, Inc.'s Reply in Support of its Motion to Compel Arbitration, Strike Class Allegations, and to Stay, or, in the Alternative, Dismiss Plaintiffs' Claims; Memorandum of Points and Authorities; Declaration of Mark Mattingly on the interested parties in this action as follows:

Alex Winnick
Winnick Law, PC
2450 Colorado Avenue, Suite 100E
Santa Monica, CA 90404
(424) 317-7411
aw@winlawpc.com

Evan Murphy
Murphy Advocates LLC
338 Selma Avenue
St. Louis, MO 63119
(314) 753-5212
evan@murphyadvocates.com

Maurice Mitts
Mitts Law LLC
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0110
mmitts@mittslaw.com

Attorneys for Plaintiffs BARBARA BARBER, ANTONIO DUENAS, ALFRED HOLGUIN, and ANDREW EPSTEIN

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I Electronically filed the document(s) with the Clerk of the Court by using the CM/ECF System. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 9, 2026, at Los Angeles, California

Emma J. Gunn