Alexander H. Winnick, State Bar # 239430
WINNICK LAW, PC
2450 Colorado Ave., Suite 100E
Santa Monica, CA 90404
aw@winlawpc.com
p: (424) 317-7411
c: (310) 415-5594

Evan Murphy, Esq.
MURPHY ADVOCATES LLC
338 Selma Avenue
St. Louis, MO 63119
evan@murphyadvocates.com
p: (314) 753-5212

Maurice R. Mitts, Esq. (*Pro Hac Vice Forthcoming*)
MITTS LAW, LLC
1822 Spruce Street
Philadelphia, PA 19103
mmitts@mittslaw.com
p: (215) 866-0112
f: (215) 866-0113

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BARBARA BARBER, ANTONIO DUENAS, ALFRED HOLGUIN, and ANDREW EPSTEIN individually and on behalf of all other similarly situated,

Plaintiffs,

vs.

CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM,

Defendant(s).

Case No.: 2:25-cv-12361

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY AND REOPEN CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVAN MURPHY**

Date: September 14, 2026
Time: 9:00 a.m.
Dept. Courtroom 7C
Judge: Hon. Mark C. Scarsi

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 14, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7C of the above-entitled Court, before the Honorable Mark C. Scarsi, Plaintiffs Barbara Barber, Antonio Duenas, Alfred Holguin, and Andrew Epstein will and hereby do move this Court for an order (1) lifting the stay entered March 17, 2026 (ECF No. 24); (2) reopening this action and restoring it to the Court's active caseload; and (3) setting a scheduling conference or directing the parties to conduct a conference under Federal Rule of Civil Procedure 26(f).

This Motion is made on the ground that the arbitration for which this action was stayed is closed and has been resolved. On July 23, 2026, the Process Arbitrator answered the arbitrability question that this Court referred to arbitration, holding that neither Plaintiffs' individual claims nor their class claims are arbitrable and reaffirming his 2025 order closing the arbitration. No arbitral proceeding involving Plaintiffs' claims remains pending before the American Arbitration Association, and none is contemplated. On August 12, 2026, the AAA confirmed in writing that the matter is closed.

This Motion is made following the conference of counsel required by Local Rule 7-3, which took place by telephone on July 31, 2026 and again on August 11, 2026, and in written correspondence exchanged between August 3 and August 11, 2026. Counsel discussed the substance and potential resolution of this Motion. The parties were unable to reach agreement on a stipulation. (Declaration of Evan Murphy ["Murphy Decl."] ¶¶ 12–17).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Evan Murphy and the

exhibits thereto, the records and files in this action, and such further argument as may be presented.

Dated: August 13, 2026

Respectfully submitted,

/s/ Evan Murphy

Evan Murphy (pro hac vice)
MURPHY ADVOCATES LLC

/s/ Alexander H. Winnick

Alexander H. Winnick
WINNICK LAW, PC

Attorneys for Plaintiffs and the Proposed Class

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court stayed this action pending resolution of an arbitration and referred one question to the arbitrator: whether "the package of individual and class claims here, which place significantly more money in controversy, are arbitrable." (ECF No. 24 at 5). The arbitrator has now answered that question.

On July 23, 2026, Process Arbitrator Judge Dennis M. Cavanaugh (Ret.) held that "[n]either the additional causes of action nor the addition of class allegations in the putative class action lawsuit alter the analysis or the conclusion that the demands are not arbitrable before the AAA." (Murphy Decl. ¶ 10, Ex. E at 14). The arbitration is closed: on August 12, 2026, the AAA confirmed in writing that the matter "has been closed as of the date of this letter," and nothing involving Plaintiffs' claims remains pending before the Association. (Murphy Decl. ¶¶ 6, 10, 18 & Exs. D, F).

The Court denied Plaintiffs' earlier request to lift the stay without prejudice, noting that it was "uncertain on this record whether the parties agree the process arbitrator's order 'resol[ves the] arbitration,'" and that the request had not been presented as a noticed motion. (ECF No. 26). This Motion is duly noticed under the Local Rules. The record also establishes that the parties do not dispute that the arbitration has been resolved. Charter has agreed in writing that the stay should be lifted, at least in part, and has stated that it intends to file a motion to dismiss in this Court. (Murphy Decl. ¶¶ 13–15 & Exs. B–C).

Charter does not contend that the arbitration remains pending. Charter instead proposes that the stay be lifted only far enough to litigate two issues of its choosing, while the case otherwise remains closed. Section 3 of the Federal Arbitration Act does not authorize that arrangement, because a stay under Section 3 continues only "until such arbitration has been had in accordance with the terms of the agreement."

9 U.S.C. § 3. The arbitration has been had. Plaintiffs respectfully request that the Court lift the stay, reopen this action, and set a schedule so that the case can proceed.

## II. BACKGROUND

The relevant procedural history is set out in the accompanying Declaration of Evan Murphy and is summarized briefly here.

Plaintiffs filed individual arbitration demands with the AAA. Charter opposed arbitration, obtained the appointment of a Process Arbitrator, and argued that the demands were non-arbitrable under the small-claims exclusion in its own Residential Terms. The Process Arbitrator agreed, and on July 23, 2025 ordered the cases closed. The AAA closed the arbitration on August 4, 2025. (Murphy Decl. ¶¶ 3–7).

Plaintiffs then filed this Action. Charter moved to compel arbitration. On March 17, 2026, the Court granted that motion in substantial part, referred the gateway arbitrability question to the arbitrator, declined to strike the class allegations, and stayed rather than dismissed the case. (ECF No. 24). The process arbitration was reopened, briefed, and argued, and on July 23, 2026 the Process Arbitrator issued the Order & Opinion described above. (Murphy Decl. ¶¶ 8–10, Ex. E).

## III. ARGUMENT

### A. <u>The Arbitration Has Been Resolved.</u>

The Court asked whether the Process Arbitrator's order resolves the arbitration. It does, for three reasons.

First, the arbitrator answered the question that the Court referred. The Court asked whether the additional causes of action and class allegations render Plaintiffs' claims arbitrable, and the arbitrator held that they do not. (Murphy Decl. ¶ 10, Ex. E). He also held that any question of forum beyond arbitrability "must be determined by a court." (Id. at 12).

Second, the ruling is final under the rules Charter selected. The AAA Mass Arbitration Supplementary Rules ("MA")[1] empower the process arbitrator to determine whether cases should be closed, and provide that his determinations are final and binding on the parties. (MA-6(j)). Charter invoked MA-6(j) itself in urging the arbitrator to treat his ruling as a final and binding determination. (Murphy Decl. ¶ 9).

Third, the arbitration is closed. The AAA closed it on August 4, 2025, confirming in writing that it "has closed this case." (Murphy Decl. ¶ 6 & Ex. D). The process arbitration was reopened in 2026 for the limited purpose of answering the question this Court referred, and the Process Arbitrator's answer reaffirmed the closure: he found that Claimants "were unentitled to arbitrate their demands" and that "[n]othing has changed in that respect." (Murphy Decl. ¶ 10, Ex. E, at 11). On August 12, 2026, the AAA again confirmed the closure in writing, notifying the parties that the reopened matter "has been closed as of the date of this letter." (Murphy Decl. ¶ 18 & Ex. F). No proceeding involving Plaintiffs' claims remains pending before the AAA. (Murphy Decl. ¶¶ 9–10, 18).

**B. <u>The Parties Do Not Dispute That the Arbitration Is Over.</u>**

On August 7, 2026, Charter's counsel wrote that "Charter will agree to a partial lifting of the stay," and on August 9, 2026 confirmed that Charter "intends to file a motion to dismiss" in this Court. (Murphy Decl. Exs. B–C). Charter would not be asking this Court to entertain a motion to dismiss if it believed the parties were still required to arbitrate. Whatever the parties' disagreement over how this case should now proceed, both sides treat the arbitration as concluded, which is the only question the Court's July 30, 2026 order raised.

[1] https://www.adr.org/media/ofkbtyz2/mass-arbitration-supplementary-rules.pdf

### C. Section 3 Does Not Support a Partial Lift.

Charter would keep this case administratively closed except for two questions it wishes to litigate first: whether Plaintiffs' claims must be brought in small claims court, and whether Plaintiffs waived the right to proceed on a class basis. (Murphy Decl. ¶¶ 15, 17). Both questions can be raised by motion after the stay is lifted, as such questions ordinarily are, and neither supplies a basis for continuing a stay under Section 3 once the arbitration that justified the stay has concluded.

Plaintiffs disagree with Charter on both questions and will respond to them when they are properly presented. The arbitrator has now twice held that these claims fall outside the arbitration agreement, and an arbitration provision that does not reach Plaintiffs' claims cannot supply the class action waiver that Charter invokes. California law and the Consumers Legal Remedies Act independently bar enforcement of that waiver. See Cal. Civ. Code §§ 1751, 1781. Plaintiffs do not brief those issues here because they are not presented by this Motion. They should be decided on a full record in ordinary motion practice after the case is reopened, not treated as a reason to keep the case closed.

Continued closure of this case is also unnecessary to accommodate Charter's intended motion to dismiss, which Charter can file, and Plaintiffs will oppose, once the case is reopened. If Charter believes that discovery should be deferred while its motion is pending, the proper vehicle for that request is a motion for a protective order under Rule 26(c), on which Charter would bear the burden.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court lift the stay entered March 17, 2026, reopen this action and restore it to the Court's active caseload, and set a scheduling conference or direct the parties to conduct a Rule 26(f) conference.

Dated: August 13, 2026

Respectfully submitted,

/s/ Evan Murphy
Evan Murphy (pro hac vice)
MURPHY ADVOCATES LLC

/s/ Alexander H. Winnick
Alexander H. Winnick
WINNICK LAW, PC

Attorneys for Plaintiffs and the Proposed Class

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1206 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 13, 2026

/s/ Alexander H. Winnick

Alexander H. Winnick