**THOMPSON COBURN LLP**
**LUKAS SOSNICKI, CSB 295895**
**lsosnicki@thompsoncoburn.com**
**10100 Santa Monica Blvd., Suite 500**
**Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**

**THOMPSON COBURN LLP**
**MARK A. MATTINGLY (*admitted pro hac vice*)**
**mmattingly@thompsoncoburn.com**
**One US Bank Plaza**
**St. Louis, Missouri 63101**
**Tel: 314.552.6000 / Fax: 314.552.7000**

Attorneys for Defendant CHARTER COMMUNICATIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

BARBARA BARBER, ANTONIO DUENAS, ALFRED HOLGUIN, and ANDREW EPSTEIN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CHARTER COMMUNICATIONS, INC., d/b/a SPECTRUM,

Defendant.

CASE NO. 2:25-cv-12361

*The Hon. Mark C. Scarsi*

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND REOPEN CASE**

Date: September 28, 2026
Time: 9:00 a.m.
Place: Courtroom 7C

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court denied Plaintiffs' initial request to lift the stay because it was unclear whether the process arbitrator's order resolved the issues identified in the order staying the case while Plaintiffs pursued arbitration. Order Re: Notice of Process Arbitrator's Order and Request to Lift Stay, Dkt. 26, at 1. This Court should decline Plaintiffs' second request to lift the stay because Plaintiffs have never sought to arbitrate the issues this Court instructed them to arbitrate.

On March 17, 2026, this Court ordered Plaintiffs to "submit ***this action*** to arbitration." Order Re: Motion to Compel Arbitration (**Order Compelling Arbitration**), Dkt. 24, at 6 (emphasis added). In its order, this Court specifically recognized that "gateway issues of arbitrability" are "for the arbitrator to resolve." *Id.* at 5. The gateway issues included two key questions: (1) whether Plaintiffs' individual claims valued at over $75,000 were arbitrable, and (2) whether Plaintiffs' class-action claims were arbitrable. *Id.* at 5-6.

Notwithstanding this Court's order, Plaintiffs did not submit arbitration demands presenting any individual claims for more than $75,000 or class-action claims. Instead, Plaintiffs filed amended individual demands seeking up to $10,000 under the California Consumer Legal Remedies Act (**CLRA**) and claims for breach of contract, breach of implied covenant of good faith and fair dealing, quasi-contract, and fraud.

Because Plaintiffs did not comply with this Court's order, the process arbitrator's order could not resolve whether "the claims and issues in this federal civil action" are arbitrable. Order Compelling Arbitration at 4. The process arbitrator's order could only confirm that Plaintiffs' low-value, non-class claims belonged in small claims court.

Having failed to follow this Court's express instructions, Plaintiffs cannot ask this Court to adjudicate the claims they refused to pursue in arbitration. Because Plaintiffs knowingly declined to present their high-value individual claims or class-

action claims to the AAA, Plaintiffs have waived those claims and cannot pursue them here.

The only remaining tasks for this Court are confirming the arbitration award and compelling Plaintiffs to file their low-value, individual claims in small claims court. Charter therefore will file a motion to confirm the arbitration award and close this case. In support of that motion, Charter will demonstrate that (1) Plaintiffs waived their individual claims for more than $75,000 and their class-action claims; (2) this Court lacks jurisdiction to adjudicate Plaintiffs' remaining claims; (3) pursuant to the process arbitrator's order, Plaintiffs should be ordered to pursue those remaining claims in small claims court; and (4) this case should be closed.

Proceeding to a scheduling conference and discovery without addressing the foregoing threshold issues would only waste judicial resources. Charter therefore respectfully asks this Court to deny Plaintiffs' motion, order a briefing schedule on Charter's forthcoming motion to confirm the arbitrator's award, and maintain the existing stay in all other respects.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter returns to the Court from a second round of arbitration proceedings. The first round ended on July 23, 2025, when the appointed process arbitrator, Judge Dennis Cavanaugh (Ret.), found that Plaintiffs' demands (along with those of 15,690 other claimants) were non-arbitrable and directed the parties to proceed in small claims court. *See* Declaration of Mark Mattingly in Support of Charter Communications, Inc.'s Motion to Compel Arbitration, Strike Class Allegations, and to Stay, or in the Alternative, Dismiss Plaintiffs' Claims, Dkt. 18-2, at ECF pp. 48, 71.

Rather than proceed in small claims court, Plaintiffs filed this putative class action on December 30, 2025. *See* Class Action Complaint, Dkt. 1, ¶ 10. Here, Plaintiffs again claimed Charter's Broadcast TV Surcharge (**BTS**) was an unlawful hidden fee. But this time, they each sought damages in excess of $75,000 and

injunctive relief on two statutory claims (California's Unfair Competition Law and CLRA); three contractual claims (breach of contract, breach of the implied covenant of good faith and fair dealing, and quasi-contract); and a fraud claim. *Id.* ¶¶ 7, 30-80. Plaintiffs also asserted claims on behalf of a putative class of "[a]ll current or former Charter cable television subscribers in California who were charged a [BTS] within the applicable statutes of limitation" and whose subscription began before January 1, 2025. *Id.* ¶ 24.

On March 17, 2026, this Court ordered Plaintiffs to "submit this action to arbitration." Order Compelling Arbitration at 6. In doing so, this Court found that Judge Cavanaugh's July 2025 Order had no preclusive effect on Plaintiffs' claims because he "did not decide ***whether the package of individual and class claims here, which place significantly more money in controversy, are arbitrable***." *Id.* at 5 (emphasis added). This Court ordered Plaintiffs to bring that distinct package of individual claims for more than $75,000 and class-action claims to the AAA for resolution. *Id.* at 5-6.

Plaintiffs failed to comply with the Order Compelling Arbitration. Instead, they sought "up to $10,000" in individual demands asserting CLRA, breach of contract, breach of implied covenant of good faith and fair dealing, quasi-contract, and fraud claims. *See* Ex. 1, Declaration of Mark Mattingly in Support of Charter Communications, Inc.'s Opposition to Plaintiffs' Motion to Lift Stay and Reopen Case (**Mattingly Decl.**), at Ex. 1B. In fact, Plaintiffs confirmed that they were "not alleg[ing] that any individual claim exceeds $75,000" and that "[t]he added theories rest on the same modest per-claimant injury the Process Arbitrator found non-arbitrable." Mattingly Decl., Ex. 1C at 2 n.1, 6.[1] Furthermore, Plaintiffs did not file

[1] Plaintiffs also re-opened 15,690 individual arbitrations filed by claimants who were not subject to the Order Compelling Arbitration, including over 12,000 arbitrations for non-California claimants that were excluded from Plaintiffs' putative class. Mattingly Decl. ¶¶ 3-7. Re-filing these additional individual claims went beyond the Court's Order Compelling Arbitration. *See* Order Compelling Arbitration at 6

any putative class claims with the AAA and tacitly conceded that the class-action waiver in the parties' arbitration agreement was enforceable. Mattingly Decl., Exs. 1B, 1C at 4-5..

On July 23, 2026, Judge Cavanaugh entered an order reaffirming his July 2025 Order, again finding that Plaintiffs' individual demands "are subject to small claims court jurisdiction and should proceed in those venues." Order & Opinion of Process Arbitrator, Judge Dennis Cavanaugh, Ret. Re: Re-Opened Process Arbitration (the **July 2026 Order**), Dkt. 27-7, at 3. He further held that "[n]either the additional causes of action nor the addition of class allegations ***in the putative class action lawsuit*** alter the analysis or conclusion that the [individual] demands are not arbitrable before the AAA." *Id.* (emphasis added). His ruling principally relied on the Mass Arbitration Supplementary Rules, which "make clear that in consumer cases such as this, a process arbitrator has the authority to close appropriate cases so they can proceed in small claims court." *Id*. at 10.

## II. ARGUMENT

Because Plaintiffs never asked Judge Cavanaugh to resolve any of the questions this Court sent to the AAA to be resolved, and none of the "gateway issues of arbitrability" have been adjudicated, there is no basis for Plaintiffs to ask this Court to lift the stay.[2]

Judge Cavanaugh's July 2026 Order answered one narrow question: whether Plaintiffs' individual claims for less than $10,000 would be arbitrated before the AAA. He, again, found that they would not. Contrary to Plaintiffs' assertions, the July

(ordering "the parties to submit this action to arbitration").

[2] Plaintiffs style their motion as one to "Lift Stay and Reopen Case" and argue that "[c]ontinued closure of this case is [] unnecessary." *See* Plaintiffs' Notice of Motion and Motion to Lift Stay and Reopen Case, Dkt. 27, at ECF 1, 7. But this Court never closed this case. In fact, this Court expressly "stay[ed] the case instead of dismissing it." Order Compelling Arbitration at 6. Regardless of Plaintiffs' incorrect nomenclature, the Court should deny their requested relief.

2026 Order did not resolve whether Plaintiffs' individual claims for more than $75,000 are arbitrable. Nor did it resolve whether Plaintiffs' class-action claims are arbitrable. Order Compelling Arbitration at 5.

Judge Cavanaugh could not address either of those issues because Plaintiffs did not follow this Court's instructions to present them to the AAA. Having failed to present their class claims and high-value individual claims to the arbitrator, and ignoring this Court's instructions that they do so, Plaintiffs cannot ask that this putative class action resume. Their failure to present those claims to the AAA as this Court directed constitutes a waiver of those claims here.

The only tasks remaining for this Court are confirming the July 2026 Order and closing the case. This Court should decline to lift the stay and should instead set a briefing schedule on Charter's motion to confirm the arbitration award and close the case.

**A. This Court Should Decline to Lift the Stay.**

This Court should decline to set a scheduling conference or open discovery because Plaintiffs failed to pursue the arbitration claims that this Court ordered them to pursue. Having failed to follow this Court's orders, Plaintiffs cannot resume their putative class action when *none* of the "gateway issues of arbitrability" have been resolved in the forum in which this Court found that they must be resolved. Order Compelling Arbitration at 5-6.

This Court ordered Plaintiffs to "submit this action to arbitration." *Id.* at 6. Plaintiffs instead re-filed arbitration demands seeking "up to $10,000" individually. Mattingly Decl., Ex. 1B. None of Plaintiffs' re-filed arbitration demands presented class claims or any individual claims seeking more than $75,000. *Id.* Instead, Plaintiffs abandoned their class claims and affirmatively represented that the damages on their individual claims were far less than $75,000. Mattingly Decl., Ex. 1C at 2

n.1, 6.[3]

The Ninth Circuit has long recognized that "[t]he scope of the arbitrator's authority is limited to the issue submitted to him by the parties." *Sunshine Min. Co. v. United Steelworkers of America, AFL-CIO, CLC*, 823 F.2d 1289, 1294 (9th Cir. 1987). Here, the only issue that Plaintiffs presented to Judge Cavanaugh was whether their re-filed individual demands for less than $10,000 were "arbitrable" under the arbitration agreement. The July 2026 Order resolved that single issue:

> The Process Arbitrator found – and still finds – that under the pertinent AAA rules as well as the parties' contract, Claimants were unentitled to arbitrate their demands, i.e., they were not arbitrable with the Association. Nothing has changed in that respect. Neither the additional causes of action, nor the four California Claimants' attempt to move forward with a class action alters the fact ***that the individual Claimants' demands sought damages arising out of the same monthly fee of a very modest nature (per claim) which can be brought in various small claims courts***. Therefore, Claimants failed to meet the procedural and administrative rules which govern AAA mass arbitrations necessitating closure.

July 2026 Order at 11 (emphasis added). It is clear from both the text of the July 2026 Order and longstanding Ninth Circuit precedent that Judge Cavanaugh could not have adjudicated the arbitrability of Plaintiffs' high-value individual claims and class claims; those issues were not presented to him in the first place, and the order expressly references only "individual Claimants' demands" of a "modest nature." *Id.* Therefore, this Court should decline to lift the stay because Plaintiffs failed to present the required questions and claims to Judge Cavanaugh for adjudication.

---

[3] Plaintiffs never challenged the enforceability of the class-action waiver provision in the parties' arbitration agreement in front of the AAA. Nor have Plaintiffs ever sought a declaration that the waiver is unenforceable in the AAA. The only forum in which Plaintiffs could seek relief from the waiver, as this Court has recognized, is in arbitration. *See* Order Compelling Arbitration at 6 (denying Charter's request to strike Plaintiffs' class allegations based on the waiver because the parties "delegated to the arbitrator the issue of whether Plaintiffs' claims are arbitrable, including the class claims").

### B. This Court Should Set a Briefing Schedule on Charter's Motion to Confirm the July 2026 Order and Close This Case.

Because Plaintiffs knowingly chose to ignore this Court's order, Charter will move to confirm the July 2026 Order and close the case. Specifically, Charter will argue, *inter alia*,[4] that:

1) Plaintiffs waived their right to maintain this action by knowingly failing to submit their high-value individual claims and class claims to Judge Cavanaugh for consideration. *See, e.g.*, *DeRosa v. Walsh*, 541 F. App'x 250, 253 (4th Cir. 2013) (noting defendant waived a patent infringement counterclaim by failing to present that claim to the arbitrator); *United Steelworkers of America, AFL-CIO-CLC v. Smoke-Craft, Inc.*, 652 F.2d 1356, 1360 (9th Cir. 1981) ("Parties to arbitration proceedings cannot sit idle while an arbitration decision is rendered and then … seek to attack the award collaterally on grounds not raised before the arbitrator."); *Ganton Techs., Inc. v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of America, U.A.W., Local 627*, 358 F.3d 459, 462 (7th Cir. 2004) (holding "[t]he failure to pose an available argument to the arbitrator waives that argument in collateral proceedings").

2) This Court lacks subject matter jurisdiction to adjudicate the remaining, low-dollar claims because (i) CAFA jurisdiction under 28 U.S.C. § 1332(d) cannot exist in the absence of viable class claims, and (ii) traditional diversity jurisdiction under 28 U.S.C. § 1332(a) cannot exist for individual claims not exceeding $75,000. *See, e.g.*, *Ramirez v. C&J Well Service, Inc.*, No. CV 20-535 PSG (SSx), 2020 WL 6802021, at *4 (C.D. Cal. Nov. 19, 2020) (agreeing that the "dismissal of class claims divests the district court of CAFA jurisdiction"); *Staten v. Astellas Pharma US, Inc.*,

---

[4] Charter's motion also may raise an alternative argument that, if this Court finds that Plaintiffs have not waived their individual and class claims, this Court should once again compel arbitration pursuant to the parties' arbitration agreement so that an arbitrator may finally adjudicate the arbitrability of those claims and the validity of the class-action waiver.

No. 2:23-cv-01898-FLA (PVCx), 2023 WL 12290123, at *1-2 (C.D. Cal. Aug. 24, 2023) (noting traditional diversity jurisdiction did not exist where the plaintiff failed to demonstrate the amount in controversy exceeded $75,000).

3) This Court should confirm the July 2026 Order, should order Plaintiffs to file their remaining low-dollar claims in small claims court, and should close the case. *See* July 2026 Order at 12-14 (Judge Cavanaugh noting that Plaintiffs' claims should proceed in small claims court but that only a court can compel Plaintiffs to file in that forum); *Jules v. Andre Balazs Props.*, 146 S. Ct. 1209, 1223 (2026) ("A federal court with jurisdiction to stay claims pending arbitration under § 3 of the FAA has the same jurisdiction to resolve motions to confirm or vacate a resulting arbitral award."); *see also id.* at 1218 ("a federal court with pre-existing jurisdiction over claims that it stayed pending arbitration under § 3 [of the FAA] can adjudicate a § 9 . . . motion even if that motion does not present, on its face, an independent basis for federal jurisdiction.").

The Court should order a briefing schedule on Charter's motion instead of reopening the case and allowing discovery to proceed. "District Courts have the inherent power to manage their dockets and are authorized to consider and take appropriate action to facilitate the just[,] speedy, and inexpensive disposition of all matters before them." *Volstar Techs., Inc. v. Superior Commc'ns, Inc.*, No. 2:19-cv-07355-MCVS-(Ex), 2021 WL 5605279, at *2 (C.D. Cal. Feb. 23, 2021) (internal quotation marks omitted). That inherent power includes the ability to order limited briefing on threshold dispositive issues before authorizing further discovery, motion practice, or other litigation activity to proceed. *See, e.g.*, *Pule v. Macomber*, No. 17-cv-00193-DKW-KJM, 2021 WL 3686696, at *2 (D. Haw. July 27, 2021) (lifting stay but ordering briefing on threshold jurisdiction issues before discovery, motion practice, or further litigation could proceed); *Incase Designs, Corp. v. Mophie, Inc.*, No. 13-cv-00602 RS, 2013 WL 12174145, at *2 (N.D. Cal. Nov. 5, 2013) (noting that "[d]istrict courts 'have the broad discretion to stay discovery until preliminary

questions that may dispose of the case are determined'" (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999))).

Here, if the Court were to grant Charter's motion to confirm the arbitration award, the case would end. This would save this Court and the parties a significant amount of resources, amount of time, and expenses. *Cf. Hewlett Packard Enter. Co. v. Inspur Grp. Co., Ltd.*, No. 24-cv-02220-JST, 2024 WL 4631665, at *1-2 (N.D. Cal. Oct. 29, 2024) (staying discovery where threshold issues presented in motion were potentially dispositive of case and collecting other authorities holding that district courts should use their authority to defer discovery pending dispositive threshold issues).

## III. <u>CONCLUSION</u>

For the foregoing reasons, Charter respectfully requests that this Court decline to lift the stay and instead set a briefing schedule on Charter's motion to confirm the arbitration award and close this case.

DATED: September 4, 2026 **THOMPSON COBURN LLP**

By: [signature]

**LUKAS SOSNICKI**
Attorney for Defendant CHARTER COMMUNICATIONS, INC.

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Charter Communications, Inc., certifies that this Memorandum of Points and Authorities contains 2,780 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 4, 2026

[signature]
Lukas Sosnicki