Alexander H. Winnick, State Bar # 239430
WINNICK LAW, PC
2450 Colorado Ave., Suite 100E
Santa Monica, CA 90404
aw@winlawpc.com
p: (424) 317-7411 | c: (310) 415-5594

Evan Murphy, Esq. (Pro Hac Vice)
MURPHY ADVOCATES LLC
338 Selma Avenue
St. Louis, MO 63119
evan@murphyadvocates.com
p: (314) 753-5212

Maurice R. Mitts, Esq. (Pro Hac Vice Forthcoming)
MITTS LAW, LLC
1822 Spruce Street
Philadelphia, PA 19103
mmitts@mittslaw.com
p: (215) 866-0112 | f: (215) 866-0113

Attorneys for Plaintiffs
and the Proposed Class

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARA BARBER, ANTONIO DUENAS, ALFRED HOLGUIN, and ANDREW EPSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM,<br><br>Defendant. | Case No.: 2:25-cv-12361-MCS-AJR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO LIFT STAY AND REOPEN CASE**<br><br>Date: September 28, 2026<br>Time: 9:00 a.m.<br>Dept.: Courtroom 7C<br>Judge: Hon. Mark C. Scarsi<br><br>[Filed concurrently with Declaration of Evan Murphy and Exhibits A–E] |

## I. INTRODUCTION

The Court referred one question to the arbitrator: whether "the package of individual and class claims here, which place significantly more money in controversy, are arbitrable." (ECF No. 24 at 5.) The referred question is really a

two-part question: 1.) whether the additional causes of action make Plaintiffs' claims arbitrable; and 2.) whether the class allegations make Plaintiffs' claims arbitrable. The Court referred both questions "for the arbitrator to resolve." (*Id.* at 5–6.)

The arbitrator answered both questions. Arbitrator Cavanaugh stated that "[n]either the additional causes of action nor the addition of class allegations in the putative class action lawsuit alter the analysis or the conclusion that the demands are not arbitrable before the AAA." (ECF No. 27-7 at 4, 15.) That is the second time the arbitrator has held these claims to be non-arbitrable. First in July 2025, on Charter's application (ECF No. 18-2, Ex. M at 16, 24), and again in July 2026, after Charter briefed and argued the referred questions and submitted a proposed award (Ex. E; ECF No. 27-7 at 3–4, 6). The AAA has now closed the matter for the second time. (ECF No. 27, Murphy Decl. ¶ 18 & Ex. F.)

Charter now says the arbitrator never decided the questions the Court referred to arbitration. But there is no basis for Charter to assert that argument. The arbitrator answered the question the Court referred to arbitration; therefore, the arbitration "has been had" pursuant to 9 U.S.C. § 3. Charter's fallback, that this Court lacks jurisdiction, is no reason to keep the case closed either. If Charter is correct, then claims belong in state court, not in some limbo Charter is trying to create.

## II. ARGUMENT

### A. The Arbitrator Ruled on the Two-Part Question.

The 2025 arbitration decided that Plaintiffs' individual CLRA claims were non-arbitrable. (ECF No. 24 at 5.) In December 2025, this case was filed asserting the original CLRA claims but also included additional causes of action and class allegations. The Court held that, in the original process arbitration, the arbitrator "did not decide whether the package of individual and class claims here, which place significantly more money in controversy, are arbitrable," because the complaint added "new claims" and "class allegations." (*Id.* at 5 & n.3.) The Court then compelled arbitration for the arbitrator to determine "the gateway issues of arbitrability…" (*Id.* at 5–6.)

Plaintiffs then reopened the AAA matter and told the AAA that the Court had "directed the parties to submit to arbitration the threshold question of arbitrability of the additional claims pursuant to the delegation clause." (Ex. B at 2.) Plaintiffs briefed the two-part question: whether the additional causes of action, and whether the class allegations, render the claims arbitrable. (Ex. A at 1; Ex. C at 1.) Charter briefed the same two-part question. Charter argued that the additional claims changed nothing, that the class claims were barred by the class waiver, and that the arbitrator should "reaffirm [his] prior order." (Ex. B at 3–4; Ex. D at 3–4.)

After briefing and argument, the arbitrator held that "Neither the additional causes of action nor the addition of class allegations in the putative class action lawsuit alter the analysis or the conclusion that the demands are not arbitrable before the AAA." (ECF No. 27-7 at 4, 15.) He added "[T]he four California Claimants' attempt to move forward with a class action" does not change the result. (*Id.* at 12.)

**B. If this Court Lacks Jurisdiction, this Case Moves to State Court.**

Charter argues that this Court lacks subject-matter jurisdiction because the class claims are "waived" and no individual claim exceeds $75,000. (Opp. 7–8.) That is a motion Charter can file after the stay is lifted. To be clear, Plaintiffs do not contend that any named Plaintiff's individual claim exceeds $75,000. (Ex. A at 2 n.1.) Jurisdiction rests on the Class Action Fairness Act, under which "the claims of the individual class members shall be aggregated" to determine whether the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (court determines CAFA jurisdiction "by adding up the value of the claim of each person who falls within the definition of [the] proposed class"). Plaintiffs also invoke diversity jurisdiction under 28 U.S.C. § 1332(a). (Compl. ¶¶ 7–8; ECF No. 24 at 5.) Complete diversity is undisputed, and where plaintiffs "unite to enforce a single title or right, in which they have a common and undivided interest, it is enough

if their interests collectively equal the jurisdictional amount." *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41 (1911). Plaintiffs' claims arise from the same surcharge, imposed under the same form contract through the same course of conduct, and their aggregate value far exceeds $75,000.

However, if Charter is correct regarding its jurisdictional argument, then this Court cannot confirm an arbitration decision.[1] Instead, a court without subject-matter jurisdiction can only do one thing, which is to dismiss without prejudice "so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3). In the event there is no jurisdiction, the indisputable court with jurisdiction is the California Superior Court, where Plaintiffs would refile the same CLRA, UCL, contract, and fraud claims on behalf of the same class. See Cal. Civ. Code § 1781. Charter cannot have it both ways. It cannot tell the Court it lacks jurisdiction (Opp. 7–8) while asking the Court to confirm an "award" (Opp. 2, 8). Either the Court has jurisdiction, and this case should be reopened and proceed, or it does not, and the case belongs in state court. If the Court

[1] Charter's attempt to confirm an arbitration "award" does not comport with the Federal Arbitration Act. Here, there is no "award" to confirm. Charter drafted a proposed "award" and asked the arbitrator to enter it (Ex. D at 1; Ex. E at 1–2); he did not, and instead issued an order stating that the claims are not arbitrable. (ECF No. 27-7 at 14–15.)

believes that it does not have jurisdiction over this case, then it can, *sua sponte,* dismiss this action and Plaintiffs can file in California State Court.

## III. CONCLUSION

The Court referred the arbitrability question to the arbitrator. He answered it, and for the second time held that these claims are not arbitrable. The AAA closed the matter. Plaintiffs respectfully request that the Court lift the stay entered March 17, 2026, restore this action to the Court's active caseload, and set a scheduling conference or direct the parties to conduct a Rule 26(f) conference.

Dated: September 12, 2026

Respectfully submitted,

/s/ Alexander H. Winnick
WINNICK LAW, PC
2450 Colorado Ave., Suite 100E
Santa Monica, CA 90404
aw@winlawpc.com
p: (424) 317-7411 | c: (310) 415-5594

/s/ Evan Murphy
Evan Murphy (pro hac vice)
MURPHY ADVOCATES LLC
338 Selma Avenue
St. Louis, MO 63119
evan@murphyadvocates.com
314-753-5212

Attorneys for Plaintiffs
and the Proposed Class

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 1,108 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 12, 2026

/s/ Alexander H. Winnick
Alexander H. Winnick